UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GERALD WESTFALL,** | ) |
| Petitioner, | ) |
| v. | ) No. 4:06-CV-748-CEJ |
| **JAMES PURKETT,** | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Gerald Westfall for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. 1]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis.

### The petition

Petitioner, a Missouri state prisoner currently confined at the Eastern Reception, Diagnostic and Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1998 conviction in the St. Louis County Circuit Court. As grounds for relief, petitioner raises claims that the evidence was insufficient to prove that the drugs found on the ground belonged to him and that he received ineffective assistance of counsel.

Petitioner argues that his claim should not be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d) because of extraordinary circumstances. Specifically, petitioner states that he was allowed to remain free on appeal bond "long past the end of the appeal

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

process." Petitioner also states that no one, including his newly-appointed attorney, the State, the Department of Corrections and his bail bondsman, noticed that his appeal process had ended and that he had already filed a Rule 29.15 motion. Petitioner asserts that there is a legitimate issue of whether he was in custody while on appeal bond and, therefore, whether the statute of limitations period was running.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal. Petitioner states that he was convicted on May 27, 1998, and sentenced on July 24, 1998. He also indicates that he unsuccessfully appealed his conviction. An automated search of WESTLAW indicates that the Missouri Court of Appeals affirmed his conviction on July 20, 1999, *State v. Westfall*, 995 S.W.2d 544 (Mo.App. 1999), and affirmed the denial of his Rule 29.15 motion on June 26, 2001, *Westfall v. State*, 48 S.W.3d 112 (Mo. App. 2001). Petitioner did not file a motion for rehearing or transfer to the Missouri Supreme Court or petition for certiorari from the denial of his direct appeal to the United States Supreme Court.

Allowing petitioner ninety days from the Missouri Court of Appeals' decision, his one-year limitation period would have began to run on or about September 24, 2001. *See Smith v. Bowersox*, 159 F.3d 345, 347 (8th Cir. 1998) (holding that the running of the statute of limitations for purposes of § 2244(d)(1) is triggered either by the conclusion of all direct state criminal appeals followed by either the completion or denial of certiorari proceedings before the United States

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Supreme Court or, if certiorari was not sought, then by the conclusion of all direct state criminal appeals followed by the expiration of the ninety-day time period for filing a petition for certiorari). Thus, the instant petition is time-barred as it was mailed to this Court more than three-and-one-half years after the running of the one-year limitation period on or about September 24, 2002.

Furthermore, even though the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), petitioner has not asserted any facts that would cause the Court to conclude that equitable tolling applies in this case. "[E]quitable tolling is appropriate: (1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion, . . . or (2) if the government's conduct 'lulled' him into inaction through reliance on that conduct." *United States v. Hernandez,* ---F.3d---, 2006 WL 240507, *5 (8th Cir. 2006) (*citing Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (internal citation omitted). Petitioner has asserted no "extraordinary circumstances" not attributable to his own actions, *see Flanders v. Graves*, 299 F.3d 974, 971 (8th Cir. 2002), nor has he alleged that he was lulled into inaction by government conduct. *See Hernandez*, 2006 WL 240507 at *5. Accordingly, the Court finds that the period of limitations is not subject to equitable tolling in the instant action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus [Doc. 3] be **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file traverse [Doc. 4] be **DENIED** as moot.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

An appropriate order will accompany this memorandum and order.

Dated this 24th day of May, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com